136 F.3d 1241
 98 Cal. Daily Op. Serv. 1172, 98 Daily Journal
D.A.R. 1677
Lionel DELA ROSA, Plaintiff-Appellant,
v.
SCOTTSDALE MEMORIAL HEALTH SYSTEMS, INC., an Arizona
corporation; Michael Johnston, husband; Jane Doe Johnston,
wife; Todd Lyon, husband; Jane Doe Lyon, wife; John Does
I-X; Jane Does I-X, Defendants-Appellees.
 No. 96-17034.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 19, 1998.
 
 Before: CHOY, ALARCON, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 On October 16, 1997, this court issued a show cause order in response to the failure to comply with several circuit rules regarding the excerpts of record by one party's attorney in this case. After having received and reviewed the letter brief ordered by this court to be filed by the attorney in noncompliance, we issued an order declining to impose monetary sanctions and discharging the show cause order, but promising to issue a subsequent order explaining the reasons for our decision in this matter. This published order serves that purpose.
 
 BACKGROUND
 
 2
 On February 3, 1997, offending counsel attempted to file five sets of excerpts of record with the clerk of this court. Because the excerpts were not separately bound with tan covers, however, the excerpts were returned to counsel with instructions for rebinding. On March 6, 1997, offending counsel filed five sets of properly bound excerpts of record. Had binding been the only problem with offending counsel's excerpts of record, this matter would have been over. Unfortunately, it was only the beginning.
 
 
 3
 After the panel received the excerpts of record in this case, we quickly discovered how utterly useless they were to the resolution of this appeal from the district court's summary judgment order. Nowhere in the excerpts filed with this court could be found even the amended complaint, an obvious starting point for any appeal from summary judgment. Even worse, offending counsel failed to include in the excerpts of record a single piece of the voluminous evidence that had been presented to the district court for its review of the summary judgment motion. We did find in the excerpts a single page from a deposition that ran hundreds of pages. However, when we ultimately reviewed the district court record itself, we discovered that this piece of deposition testimony had never been presented to the district court for its consideration. Finally, to make matters even more frustrating, the excerpts of record were not consecutively paginated, making it impossible to cogently cite anything in the excerpts (assuming there was anything worth citing). The excerpts of record filed by offending counsel in this case were, quite possibly, the most useless collection of papers that members of this panel have ever seen.
 
 
 4
 On October 16, 1997, we issued an order to offending counsel "to show cause why this court should not impose monetary sanctions pursuant to Ninth Circuit Rule 30-2 for ... violation of Ninth Circuit Rules 30-1.3(a)(x), 30-1.3(a)(xi), 30-1.3(c)(i), and 30-1.3(c)(ii)." Circuit Rule 30-1.3(a), entitled "Required Contents of the Excerpts of Record," states, in relevant part:
 
 
 5
 (a) In all appeals the excerpts of record shall include:
 
 
 6
 ....
 
 
 7
 (x) where an issue on appeal is based on written exhibits (including affidavits), those specific portions of the exhibits necessary to resolve the issue; and
 
 
 8
 (xi) any other specific portions of any documents in the record that are cited in appellant's briefs and necessary to the resolution of an issue on appeal.
 
 
 9
 (emphasis added). Circuit Rule 30-1.3(c), specifically addressed to parties who appeal from a summary judgment order, states:
 
 
 10
 (c) In addition to the items required by Circuit Rule 30-1.3(a), in all civil appeals the excerpts shall also include:
 
 
 11
 (i) the final pretrial order, or, if the final pretrial order does not set out the issues to be tried, the final complaint and answer, petition and response, or other pleadings setting out those issues, and;(ii) where the appeal is from the grant or denial of a motion, those specific portions of any affidavits, declarations, exhibits or similar attachments submitted in support of or in opposition to the motion that are essential to the resolution of an issue on appeal.
 
 
 12
 (emphasis added). If an attorney is somehow unable or unwilling to comply with the clear and unambiguous language contained in these rules, Circuit Rule 30-2 sets forth the sanctions available for noncompliance:
 
 
 13
 If materials required to be included in the excerpts under these rules are omitted, or irrelevant materials are included, the court may take one or more of the following actions:
 
 
 14
 (a) strike the excerpts and order that they be corrected and resubmitted;
 
 
 15
 (b) order that the excerpts be supplemented;
 
 
 16
 (c) if the court concludes that a party or attorney has vexatiously or unreasonably increased the cost of litigation by inclusion of irrelevant materials, deny that portion of the costs the court deems to be excessive; and/or
 
 
 17
 (d) impose monetary sanctions.
 
 
 18
 Counsel will be provided notice and have an opportunity to respond before sanctions are imposed.
 
 
 19
 (emphasis added). Our order allowed the offending attorney seven days to respond in the form of a ten-page letter brief to the court. This gave the offending attorney until October 23 to file a response to the court's order.
 
 
 20
 On October 24, 1997, one day late, the offending attorney served a response, which was received by the clerk of this court on October 27, 1997. The substance of the letter brief is not particularly relevant here. Suffice it to say that the letter contained the terms "inadvertently," "apparently," "oversight," and "unintentional," and asked the court not to impose monetary sanctions. The offending counsel also submitted substitute excerpts of record which, though an improvement, still did not fully comply with the rules of this circuit.
 
 
 21
 On October 31, 1997, we issued an order discharging our earlier order to show cause, stating:
 
 
 22
 We have considered the letter brief submitted ... in response to this court's show cause order dated October 16, 1997. Despite the fact that counsel's letter brief was untimely filed one day beyond the deadline stated in the court's show cause order, we decline at this time to impose monetary sanctions.... We shall issue an opinion setting forth the reasons for our decision in this matter at a subsequent date.
 
 
 23
 In this order, we set forth the reasons for our earlier decision.
 
 DISCUSSION
 
 24
 We discharged the show cause order and declined to impose monetary sanctions against the offending attorney in this case because, quite simply, counsel's noncompliance with this circuit's rules, though certainly egregious, was not a unique occurrence. An unfortunate trend has developed among attorneys who practice in this circuit to disregard, either intentionally or negligently, the rules of practice and procedure we have adopted to supplement the Federal Rules of Appellate Procedure. These Ninth Circuit rules are not optional suggestions to active members of the bar, but rules that complement the federal rules, are entitled to respect, and command compliance. With increasing frequency, attorneys are filing briefs and excerpts of record with this court that fall well below the standards of professional conduct we expect from individuals educated in the law.
 
 
 25
 It is difficult to justify singling out the particular offending attorney in this case for monetary punishment when we have allowed so many previous rules violations to slide by without comment. We are, however, reaching the end of our patience in these matters and therefore declare that this habit of noncompliance must end.[1]
 
 
 26
 We recognize that many attorneys who appear in this court rarely practice in federal court at all or are not in the federal system by their own choice, but, rather, were removed here by the opposing litigant. The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court. Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in the Ninth Circuit for the first time to secure and study the Federal Rules of Appellate Procedure and the local rules of this circuit so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.[2]
 
 
 27
 It is also no excuse for failing to comply with this circuit's rules that attorneys labor under the pressure of deadlines. Time is a precious luxury which, if not carefully budgeted, can be a powerful foe. It is certainly understandable that attorneys frequently choose to delegate the physical preparation of appellate briefs and excerpts of record to paralegals or other associates, leaving to them the task of reading and complying with the applicable rules of court. But it should never be forgotten that the attorney of record is ultimately responsible for both the form and the content of the materials submitted to this court. It is therefore the professional duty of the attorney of record to ensure through proper supervision that all materials submitted to this court comply with the applicable rules.
 
 
 28
 These rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such rules necessarily entails. Rather, the local rules adopted by this court, when followed, serve to effectuate an efficient system for the orderly resolution of legal disputes. An incredible amount of time is wasted when members of this court must wade through a voluminous district court record in a complex case after the attorneys have failed to provide proper excerpts of record that should have supplied the court with the materials relevant to the appeal.
 
 
 29
 We accept some of the responsibility for the perpetuation of this pattern of noncompliance by our practice of allowing violations to go unpunished. We prefer not to spend time lecturing and cajoling violators into compliance through the imposition of sanctions. But we urge litigants not to ignore the unmistakable message contained in this order: this type of unprofessional behavior is not acceptable and cannot continue. The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure we have carefully developed and adopted. Especially in this time of high numbers of judicial vacancies, attorneys should accept the responsibility of presenting an appeal of professional quality, which necessarily includes full compliance with the rules of court for the Ninth Circuit. We expect and will accept no less.
 
 CONCLUSION
 
 30
 With this explanation of our reasons for not imposing monetary sanctions against the offending attorney in this case, this matter is concluded.
 
 
 
 [1]
 Our growing intolerance of sloppy practice is not without evidence in our published opinions. "[W]hen an appellant has approached our rules with such insouciance that we cannot overlook its heedlessness," we have not hesitated to strike an appellant's briefs and dismiss the appeal. N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir.1997). See also Mitchel v. General Elec. Co., 689 F.2d 877, 879 (9th Cir.1982); Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir.1976). Cf. Kano v. National Consumer Coop. Bank, 22 F.3d 899, 899-900 (9th Cir.1994) (imposing monetary sanctions)
 
 
 [2]
 We strongly advise attorneys who intend to present a case to this court for the first time and, indeed, all attorneys who practice before this court to consider the wisdom contained in an insightful and intelligent book on the subject of appeals: Ruggero J. Aldisert, Winning on Appeal (NITA 1997)