Carl PHILLIP, Plaintiff—Appellant,

v.

MAYO CLINIC ARIZONA, an Arizona corporation, Defendant—Appellee.

No. 01–16062.

D.C. No. CV–99–01813 JAT.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2002.*

Decided March 21, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Carl Phillip resigned from his position as a senior systems analyst at the Mayo Clinic of Arizona (Mayo), after he was informed that he would have to participate in a corrective action plan to improve his deficient job performance, and that his internal complaint of hostile and unfair working conditions could not be substantiated. Phillip then sued Mayo in the district court, claiming to have been wrongfully terminated because of race discrimination in violation of Title VII. The district court interpreted Phillip's single-count Amended Complaint as raising theories of disparate treatment, constructive discharge, and hostile work environment. Nevertheless, the court entered summary judgment in favor of Mayo because Phillip had failed to raise a triable issue on any of those theories. Phillip filed a motion for reconsideration, which the district court denied, and then he filed a notice of appeal from the district court's order "denying his Motion for Reconsideration entered on April 2, 2001,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and affirming its order granting Defendant's Motion for Summary Judgment entered February 14, 2001."

We have jurisdiction under 28 U.S.C. § 1291, and we affirm both the denial of Phillip's motion for reconsideration and the entry of summary judgment in favor of Mayo.

## I

As a preliminary matter, we hold that Phillip's notice of appeal, though ambiguously worded, has perfected his appeal not only from the denial of his motion for reconsideration but also from the underlying grant of summary judgment. Both the notice of appeal and Phillip's subsequent briefing make clear his intent to appeal the summary judgment order, and Mayo has not been prejudiced by the ambiguity in his notice of appeal. *See Washington State Health Facilities, Ass'n v. State of Washington, Dep't of Soc. & Health Servs.,* 879 F.2d 677, 681 (9th Cir.1989). Accordingly, we review the district court's grant of summary judgment de novo, and its denial of Phillip's motion for reconsideration for an abuse of discretion. *See In re Agricultural Research & Tech. Group, Inc.,* 916 F.2d 528, 533 (9th Cir.1990).

## II

■ Although we have considered Phillip's appeal on the merits, we note that papers submitted by Phillip's counsel violate both the Federal Rules of Appellate Procedure and our own Circuit Rules. Notwithstanding that the disposition of this case turns on our de novo assessment of the evidence presented to the trial court, none of that evidence appears in Phillip's excerpts of record. Phillip's brief fails to cite to the excerpts of record at all, as is required by Circuit Rule 28–2.8. Instead, it cites directly to the district court's record, and it does so only in vague and conclusory terms. Such citations do not satisfy the "appropriate references" requirements of Fed. R.App. P. 28(a)(7) and (e). Moreover, our own line-by-line comparison of the district court record with the factual assertions in Phillip's brief reveals a considerable number of mischaracterizations. This court has consistently expressed its unwillingness to tolerate disregard of its rules. *See, e.g., Mitchel v. General Elec. Co.,* 689 F.2d 877, 879 (9th Cir.1982) (per curiam) (dismissing appeal because of appellant's failure to cite to the record properly); *Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.,* 136 F.3d 1241, 1243–44 (9th Cir.1998) (sanctions appropriate for faulty excerpts of record).

In view of the defects in Phillip's papers, we order his excerpts of record stricken. Because we have conducted our own, independent review of the evidence in the district court's record, we need not further delay these proceedings by seeking corrected papers under Circuit Rule 30–2(a).

## III

Having failed to make any arguments in his opening brief regarding the district court's disposition of his claims of constructive discharge and hostile work environment, Phillip has abandoned those claims on appeal. *See Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir.1996). Phillip's attempt to incorporate by reference the arguments made in his briefs before the district court is unavailing. *See* Circuit Rule 28–1(b).

■ Mayo does not dispute that, under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Phillip made a sufficient preliminary showing to trigger Mayo's duty to articulate a legitimate, non-discriminatory reason for its actions. For purposes of our analysis, we

make the same assumption. As Mayo provided evidence that its actions were legitimate based on Phillip's substandard job performance, we are left with a single question: did Phillip adduce sufficient evidence to permit a reasonable jury to find that Mayo's explanation for its actions was either false or a pretext for race discrimination?

While a jury *can* make a finding of discrimination based solely on its disbelief of a Title VII defendant's proffered explanation, *see St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), in order for the kind of circumstantial evidence that Phillip has adduced to lead to a finding of pretext, the evidence must be "specific and substantial." *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220–22 (9th Cir.1998) (finding evidence to be specific and substantial where all evidence in support of employer's explanation was generated after the filing of employee's lawsuit, and where such evidence was materially inconsistent with documentation prepared contemporaneously with the challenged personnel action). Upon our independent review of the district court record, we find no specific or substantial evidence that Mayo's explanation was pretextual.

The uncontroverted evidence indicates that Phillip's supervisors and co-workers were dissatisfied with various aspects of his job performance throughout his tenure at Mayo; the fact that he performed some of his job functions satisfactorily does not change this. The uncontroverted evidence also shows that Kathleen Scheele, the supervisor against whom Phillip makes his most direct charges of discrimination, actually requested that Phillip be assigned to work with her (before she had experienced what she regarded as his substandard performance), thus raising a rebuttable presumption against racial discrimination on her part. *Cf. Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270–71 (9th Cir.1996). It is also uncontroverted that, in preparing the performance review that led to Phillip's corrective action plan, Jeannette Bassingthwaite took pains not to consider input from Scheele, because she feared that Phillip and Scheele might have developed a personality conflict. Phillip mischaracterizes the evidence of Bassingthwaite's attempts to reduce the conflict between himself and Scheele, suggesting that Mayo personnel took part in a conspiracy to suppress information that reflected positively on his job performance while accentuating negative information; there is, however, no evidence to support Phillip's conspiracy theory.

Phillip's allegations regarding his exclusion from a trip to the Cleveland Clinic and his alleged segregation from the white members of the group during a trip to Atlanta are similarly unavailing. Nothing in the record casts doubt on Scheele's explanation that the Cleveland trip was not a training mission and that she felt Phillip lacked a sufficient grasp of the relevant issues to benefit from observing activities at the Cleveland Clinic. Moreover, Phillip's own conclusory averments regarding the Atlanta trip provide no explanation of how he was "forced" to stay at a different hotel from the Caucasian members of the group, and nothing in the record indicates that his alleged segregation had anything to do with race. Phillip's dissatisfaction with his travel opportunities at Mayo is not substantial enough to cast doubt on Mayo's non-discriminatory explanation for subjecting Phillip to a corrective action plan.

Nor are we persuaded by the evidence that Phillip adduced regarding a handful of other minority employees at Mayo who had complained of discrimination under different managers in different departments. Phillip has failed to lay a founda-

tion showing that these other, unsubstantiated complaints are at all relevant to an assessment of the conditions in which he worked.

In short, we find nothing specific or substantial in the record that casts doubt on Mayo's legitimate explanation for subjecting Phillip to a corrective action plan because of his substandard job performance. Because we affirm the district court's grant of summary judgment after de novo review, we also necessarily affirm the discretionary denial of Phillip's motion for reconsideration.

AFFIRMED.