*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0032p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

In re:  JAMES WESLEY DAVIS, JR.; CARMEN LEA DAVIS,

*Debtors.*

No. 07-0511

HENRY E. HILDEBRAND, III, Trustee,

*Petitioner.*

Bankruptcy Court for the Middle District of Tennessee.

Decided and Filed:  January 17, 2008

Before:  MARTIN, GIBBONS, and SUTTON, Circuit Judges.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge.  This matter is before the court upon the joint petition requesting a direct appeal to this court under 28 U.S.C. § 157(d)(2).  The petition seeks appeal of the order confirming the debtor's Chapter 13 plan and rejecting the trustee's objections. Only one issue is presented: whether the vehicle ownership expense is an allowable expense when the debtor has no loan or lease payment.

The bankruptcy court confirmed the debtors' Chapter 13 plan on March 27, 2007.  The Chapter 13 trustee promptly filed a notice of appeal to the district court, and the appeal was docketed in the district court on May 14. The trustee and the debtors then filed a joint request for a certification of appeal to the Sixth Circuit.  Upon docketing of the joint certification, the trustee had ten days to petition this court for leave to take a direct appeal.  Pub. L. No. 109-8, § 1233(b)(4); Interim Bankruptcy Rule 8001(f), adopted by the Bankruptcy Court for the Middle District of Tennessee.  He did not do so.

Rather, the district court apparently was of the opinion that the bankruptcy court should address the certification and suggested that the trustee and the debtors jointly move to remand to the bankruptcy court. The parties did so, and the district court granted the motion.

On remand, the bankruptcy judge stated it was "not obvious" why the parties had sought remand.  Because all parties had agreed to the certification, approval by the bankruptcy or district court was not necessary.  However, the bankruptcy judge suggested that the joint request was in fact an agreed certification required to be filed on an official form.  *See* Interim Bankruptcy Rule 8001(f)(2)(B) ("A certification by all the appellants and appellees, if any, acting jointly may be made by filing the appropriate Official Form with the clerk of the court in which the matter is pending.")

1

Given its "quandary" of what to do, the bankruptcy court ordered the joint request for certification to be docketed in the bankruptcy court as an Official Form 24 Certification.

The bankruptcy clerk did so. The parties then filed their joint petition to this court within ten days. The petition failed to attach copies of the decisions being appealed as required by Fed. R. App. P. 5(b). We also note that no appeal has been perfected before the district court or the Bankruptcy Appellate Panel ("BAP").

The statute, the uncodified provision, and the interim rule all work together to require that a party first perfect an appeal, either to the district court or the BAP. First, the statute requires that the court where the matter is pending make the initial certification or that the parties file their joint certification for a direct appeal in that court. 28 U.S.C. § 158(d)(2)(A). To this end, the interim rule contains a provision that addresses where the matter is pending. Interim Bankruptcy Rule 8001(f)(2). Next, the uncodified provision sets a time limit for seeking permission in this court to take a direct appeal. Section 1233(b)(4), Pub. L. No. 109-8 (Apr. 20, 2005). That ten-day period commences as of the date the certification, whether by court approval or agreement of all parties, is entered on the docket. *Id.* Finally, the interim bankruptcy rule provides that a certification shall not be treated as such "until a timely appeal has been taken in the manner required by [Bankruptcy Rule 8001] (a) or (b) . . . ." Interim Bankruptcy Rule 8001(f)(1).

Following this procedure will allow perfection of an appeal at the district court or BAP level while at the same time seeking permission to appeal directly to this court. *See* Committee Note to Interim Rule 8001(f) ("Given the short time limit to file the petition with the circuit clerk, subdivision (f)(1) provides that entry of a certification on the docket does not occur until an effective appeal is taken under Rule 8003(a) or (b)."). In the event that this court declines to hear the direct appeal, the matter would remain pending in the court below.

One court has suggested that a "direct appeal would be most appropriate where [the court] is called upon to resolve a question of law not heavily dependent on the particular facts of a case, because such questions can often be decided based on an incomplete or ambiguous record." *Weber v. U.S. Trustee*, 484 F.3d 154, 158 (2d Cir. 2007). Direct appeal might also be favored where the court of appeals decision would materially advance the litigation. *Id.* However, the need for a coherent body of case law suggests that in many cases, "percolation through the district court would cast more light on the issues and facilitate a wise and well-informed decision." *Id.* at 161.

While two other petitions have been filed in this court by the trustee that purport to raise the same issue, we are not inclined to grant a direct appeal. In this case, material advancement is not a factor to be considered. Further, the extent of the conflict is unclear. Allowing a party to bypass an appeal to the district court or the BAP is at the discretion of this court. We decline to exercise that discretion in this case.

The petition for leave to take a direct appeal is **DENIED**.