389 B.R. 87 (2008)
In re Charles Mitchell FRYE, Debtor.
Charles Mitchell Frye, Appellant,
v.
Excelsior College, Appellee.
BAP No. CC-08-1055. Bankruptcy No. LA 06-16118-BB. Adversary No. LA 07-01150-BB.
United States Bankruptcy Appellate Panel of the Ninth Circuit.
April 10, 2008.
*88 Charles Mitchell Frye, Long Beach, CA, Pro se.
Before: KLEIN, MARKELL and DUNN, Bankruptcy Judges.

ORDER
KLEIN, Bankruptcy Judge.
The appellee's Petition For Certification of this appeal to the court of appeals as a direct appeal under 28 U.S.C. § 158(d)(2) has been erroneously delivered to the bankruptcy appellate panel. The appellee misreads Federal Rule of Bankruptcy Procedure 8001(f)(2) by equating transmission of the notice of appeal and concomitant assignment of a bankruptcy appellate panel docket number with "docketing the appeal" under Federal Rule of Bankruptcy Procedure 8007(b). The receipt by the appellate court of a copy of the notice of appeal and the assignment of a docket number does not, in bankruptcy appeals, constitute "docketing the appeal."
The appeal has not been docketed within the meaning of Rule 8007(b) because notification that the record on appealincluding statements of issues, designated items, and designated transcriptsis complete has not been transmitted by the clerk of the bankruptcy court. Hence, the certification power still remains with the bankruptcy court, and we are obliged by Federal Rule of Bankruptcy Procedure 5005(c) to treat the certification petition as erroneously delivered and to transmit the papers to the clerk of the bankruptcy court.
We publish to call attention to the bright-line boundary that governs the determination of which court has authority to certify a bankruptcy appeal for direct appeal. Since "docketing the appeal" under Rule 8007(b) operates to pass direct appeal certification authority from the bankruptcy court to the bankruptcy appellate panel or district court, we must be precise about the meaning of "docketing the appeal" under Rule 8007(b).

I
The need for a bright-line rule results from the first sentence of § 158(d)(2)(A), which confers jurisdiction upon courts of appeals to entertain a direct appeal "if the bankruptcy court, the district court, or the bankruptcy appellate panel involved" certifies that the appeal is appropriate for direct appeal. 28 U.S.C. § 158(d)(2)(A) (emphasis supplied).
The problem was how to determine which of those three courts is the court "involved" for purposes of making the certification. Parties need to know the correct place to file papers. More importantly, courts need unambiguous authority so as not to get in each other's way.

II
The solution adopted in the Federal Rules of Bankruptcy Procedure is the adoption of a bright-line boundary in Rule *89 8001(f)(2) modeled on the marker used in Rules 8001(c) and 8009(a)(1) regarding authority of voluntary dismissals and deadlines for filing briefs. Compare Fed. R. Bankr.P. 8001(f)(2), with Fed. R. Bankr.P. 8001(c), and Fed. R. Bankr.P. 8009(a)(1).

A
The boundary marker is the "docketing of the appeal" that occurs under Rule 8007(b) when the bankruptcy court clerk transmits the appellate record and transcripts to the bankruptcy appellate panel or district court:
(b) Duty of Clerk to Transmit Copy of Record; Docketing of Appeal. When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed. If the bankruptcy appellate panel directs that additional copies of the record be furnished, the clerk of the bankruptcy appellate panel shall notify the appellant and, if the appellant fails to provide the copies, the clerk shall prepare the copies at the expense of the appellant.
Fed. R. Bankr.P. 8007(b).
In other words, before the appeal can be "docketed," the record on appeal must have been assembled. That takes time.
Rule 8006 governs the preparation of the record on appeal and, depending on the complexity of the appeal and the extent of the need for transcripts, this rarely takes less than one month:

Record and Issues on Appeal. Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within 10 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.
Fed. R. Bankr.P. 8006.
Once this Rule 8006 process is completed and notification thereof transmitted *90 to the clerk of the bankruptcy appellate panel (or district court) by the clerk of the bankruptcy court, then, and only then, can the appeal be "docketed" for purposes of Rule 8007(b). Fed. R. Bankr.P. 8007(b).
In this respect, the bankruptcy appellate rules differ from the Federal Rules of Appellate Procedure 11 and 12, whereby appeals at courts of appeals are "docketed" before the record is completed and transmitted to the clerk of the court of appeals. Fed. R.App. P. 11-12.
By local rule mirroring 9th Circuit Rule 11-4.1, we ask the bankruptcy clerk to retain the assembled record subject to our call and to transmit in lieu thereof a certificate that the record is complete:
Rule 8007(b)-1. Docketing Appeal and Appellate Record. As soon as the statement of issues, designation of record, and any transcripts that have been designated are filed with the bankruptcy court, the clerk of the bankruptcy court shall transmit to the BAP Clerk a certificate that the record is complete. The BAP Clerk shall forthwith notify the parties of the date the certificate is filed at the BAP, and this date shall constitute the date of entry of the appeal on the docket for purposes of FRBP 8009. The record shall be retained by the clerk of the bankruptcy court. The BAP Clerk may request a copy of the record from the clerk of the bankruptcy court.
9th Cir. BAP Rule 8007(b)-1; accord 9th Cir. Rule 11-4.1.
The rationale for having the bankruptcy clerk retain the assembled record subject to call is that Rule 8009 also requires that there be an Appendix to the briefs containing excerpts of the record, which are supposed to be adequate to enable appellate review. Fed. R. Bankr.P. 8009(b); 9th Cir. BAP Rule 8009(b)-1; Kritt v. Kritt (In re Kritt), 190 B.R. 382, 386-87 (9th Cir. BAP 1995); cf. Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1243-44 (9th Cir. 1998) (circuit ruleinadequate excerpts of record sanctionable).
"Docketing" an appeal, then, is a term of art with a specialized meaning in bankruptcy appeals and has consequences for other procedures. As noted, the docketing of the appeal also serves as the boundary marker in voluntary dismissal situations for whether the dismissal is accomplished in the bankruptcy court or the appellate court. Fed. R. Bankr.P. 8001(c). Moreover, in the absence of local rule or an order to the contrary, the "appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr.P. 8009(a)(1).

B
The existence of this "docketing" boundary was adopted in Rule 8001(f)(2) as the determinant of which court is the court "involved" in the appeal for purposes of certification under § 158(d)(2)(A):
(2) Court Where Made. A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).
Fed. R. Bankr.P. 8001(f)(2) (Interim Rule).
The Advisory Committee on Bankruptcy Rules of the Judicial Conference of the *91 United States, which committee prepared Rule 8001(f)(2), explained the rule governing the designation of the court that makes the certification for direct appeal as follows:
The rule adopts a bright-line test for identifying the court in which a matter is pending. Under subdivision (f)(2), the bright-line chosen is the "docketing" under Rule 8007(b) of an appeal of an interlocutory order or decree under 28 U.S.C. § 158(a)(2) or a final judgment, order, or decree under 28 U.S.C. § 158(a)(1), or the granting of leave to appeal any other interlocutory judgment, order or decree under 28 U.S.C. § 158(a)(3), whichever is earlier.
Rule 8001(f)(2) (Interim Rule), Adv. Comm. note.
As an operational matter, the certification question belongs to the bankruptcy court until the appeal is "docketed" within the meaning of Rule 8007(b). The mechanics of the rule are structured to function smoothly. If a petition for certification filed with the bankruptcy court has not been acted upon as of the date of Rule 8007(b) "docketing," the petition needs to be transmitted to the bankruptcy appellate panel or district court. If the bankruptcy court declines to certify an appeal, the petition may be renewed with the appellate tribunal once the appeal is "docketed."
If, as here, a petition for certification is erroneously filed with the bankruptcy appellate panel or district court, Rule 5005(c) requires that the date of its receipt be noted thereon and that it be transmitted forthwith to the clerk of the bankruptcy court. Fed. R. Bankr.P. 5005(c).
Finally, in the interest of facilitating good practice by alerting parties to traps for the unwary, we remind counsel that there is a second step to a direct appeal once a petition for certification is granted: the court of appeals must decide whether to accept ("authorize") the appeal. 28 U.S.C. § 158(d)(2)(A). An uncodified provision of the direct appeal statute that will remain in effect unless and until the Federal Rules of Appellate Procedure are amended to address the matter, requires that there be a petition requesting permission to appeal filed with the circuit clerk within 10 days after certification is entered on the docket. Pub.L. 109-8, § 1233(b)(4).[1]

Conclusion
Since this appeal has not been "docketed" in accordance with Rule 8007(b), the authority to certify the appeal belongs to the bankruptcy court. The clerk of this Panel shall transmit the Petition for Certification to the bankruptcy court.
NOTES
[1] The Advisory Committee note to Rule 8001(f) explained:

An uncodified provision in Public Law No. 109-8, § 1233(b)(4), requires that, not later than 10 days after a certification is entered on the docket, there must be filed with the circuit clerk a petition requesting permission to appeal.
Fed. R. Bankr.P. 8001(f) (Interim Rule), Adv. Comm. note.