ELECTRONIC CITATION:  2009 FED App. 0003P (6th Cir.)
File Name:  09b0003p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: JOY ANN DUTKIEWICZ, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | No. 09-8001 |
| | ) | |
| JEFF A. MOYER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOY ANN DUTKIEWICZ, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| | ) | |

Filed:  April 13, 2009

Before:  FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

---

**ORDER**

---

Before us is the Motion for Certification of Direct Appeal to the Sixth Circuit Court of Appeals of Debtor-Appellee Joy Ann Dutkiewicz ("Debtor").  The Debtor's motion seeks direct appeal to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) of an order of the bankruptcy court overruling the Trustee's objection to the Debtor's claim of exemptions as untimely.  The only issue presented is when the first meeting of creditors scheduled pursuant to 11 U.S.C. § 341

is concluded for purposes of triggering the provisions of Federal Rule of Bankruptcy Procedure 4003(b).[1]

The bankruptcy court issued an order overruling the Trustee's objection to the Debtor's claim of exemptions on December 30, 2008. The Trustee filed a timely notice of appeal to the bankruptcy appellate panel on January 9, 2009. On January 12, 2009, the clerk of the bankruptcy appellate panel assigned the case number 09-8001. Neither party elected to have the appeal heard by the district court. The Debtor filed her motion for certification of direct appeal with the clerk of the bankruptcy appellate panel on February 23, 2009. The Appellant-Trustee did not file a response to the Debtor's motion for certification. *See* Fed. R. Bankr. P. 8001(f)(3)(D). The clerk of the bankruptcy court certified the record complete for purposes of appeal pursuant to Rule 8007(b) on February 24, 2009.

At the time the Debtor filed her motion, the case was still pending in the bankruptcy court as it had not yet been docketed with the bankruptcy appellate panel. *See* Fed. R. Bankr. P. 8001(f)(2) ("A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3)."). Docketing with the bankruptcy appellate panel occurs only after the process of preparing the record on appeal pursuant to Rule 8006 has taken place and notification thereof is transmitted to the clerk of the bankruptcy appellate panel by the clerk of the bankruptcy court. Fed. R. Bankr. P. 8007(b); *Frye v. Excelsior College (In re Frye)*, 389 B.R. 87, 89-90 (B.A.P. 9th Cir. 2008). Because the appeal had not yet been docketed with the bankruptcy appellate panel in accordance with Rule 8007(b) when the Debtor filed her motion for certification, the motion should have been filed with the bankruptcy court. However, because the appeal has now been docketed with the bankruptcy appellate panel, and the motion has not previously been addressed, we have jurisdiction to consider the motion for certification. *See Frye*, 389 B.R. at 91 ("If a petition for certification filed with the bankruptcy court has not been acted upon as of the date of Rule 8007(b) 'docketing,' the petition needs to be transmitted to the bankruptcy appellate panel . . . ."); *see also In re Davis*, 512 F.3d 856 (6th Cir. 2008) (discussing generally the certification process).

Having determined that we have jurisdiction to consider the motion as a result of the Rule 8007(b) docketing, we turn now to the motion itself. 28 U.S.C. § 158(d)(2)(B) provides that, on the

---

[1] Throughout the remainder of this order the Federal Rules of Bankruptcy Procedure will be referred to simply as "Rules" or "Rule."

request of a party to an appeal, the court before which the matter is pending should certify the matter for direct appeal to the Court of Appeals if:

> (i) the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the . . . order . . . involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). In addition, Rule 8001(f)(3)(C) identifies the contents of a request for certification:

> A request for certification shall include the following:
>
> (i) the acts necessary to understand the question presented;
>
> (ii) the question itself;
>
> (iii) the relief sought;
>
> (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and
>
> (v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

Fed. R. Bankr. P. 8001(f)(3)(C).

The Debtor's motion for certification does not comply with Rule 8001(f)(3)(C). In fact, the only requirement with which the motion does comply is that it states the question presented. It does not provide *any* facts, a copy of the order complained of, or the bankruptcy court's memorandum of decision; nor does it explain why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists. For these reasons alone, we deny the motion for certification.

Even if the request had properly complied with Rule 8001(f), it is not clear that the request meets the requirements of 28 U.S.C. § 158(d). While there may indeed be no controlling decision of the Sixth Circuit or the Supreme Court as to when the § 341 first meeting of creditors is concluded

for purposes of triggering the provisions of Rule 4003(b), the issue in this appeal is not purely a question of law. On the contrary, one of the Trustee's arguments on appeal is whether the bankruptcy court made clearly erroneous findings of fact in applying a case-by-case approach to the issue when it held that the Trustee's statement at the end of the initial § 341 meeting was insufficient to provide objective notice of his intent to adjourn the meeting. *See Davis*, 512 F.3d at 858 (quoting *Weber v. U.S. Trustee*, 484 F.3d 154, 158 (2nd Cir. 2007)) ("[A] 'direct appeal would be most appropriate where [the court] is called upon to resolve a question of law not heavily dependent on the particular facts of a case, because such questions can often be decided based on an incomplete or ambiguous record.' ").

For the foregoing reasons, the Motion for Certification of Direct Appeal to the Sixth Circuit Court of Appeals is **DENIED**.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk