**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN SASSOON, | No. 14-55538 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-03233-RGK-E |
| v. | |
| LOWE'S HOME CENTERS, LLC, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 10, 2016**
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Glen Sassoon appeals from the district court's summary judgment in favor

of Lowe's Home Centers, LLC. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts of this case, we do not repeat them here.

**1.** "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.*, 36 P.3d 11, 14 (Cal. 2001); *see also* Cal. Civ. Code § 1714(a). While a property owner must give warning of a "latent or concealed" danger, an owner "is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." *Beauchamp v. Los Gatos Golf Course*, 77 Cal. Rptr. 914, 919-20 (Ct. App. 1969) (quoting *Florez v. Groom Dev. Co.*, 348 P.2d 200, 204 (Cal. 1959)). In such situations, the obvious condition is itself the warning. *See Christoff v. Union Pac. R.R. Co.*, 36 Cal. Rptr. 3d 6, 13 (Ct. App. 2005) (finding that "the presence of railroad tracks is a warning of an open and obvious danger").[1]

Construing the facts in the light most favorable to Sassoon, no reasonable jury could find that the danger was not obvious. *See, e.g.*, *id.* at 13-14 (affirming grant of summary judgment where the danger of walking next to train tracks was

---

[1] As Sassoon failed to raise the issue of whether the district court abused its discretion by excluding certain expert testimony, he has now waived it. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

obvious, and as such did not present a question of fact for a jury regarding defendant's duty to warn); *Danieley v. Goldmine Ski Assocs., Inc.*, 266 Cal. Rptr. 749, 755-58 (Ct. App. 1990) (granting summary judgment and finding there was no duty to warn a skier that a tree at the edge of a ski run presented the danger of collision). Here, due to the considerable size of the ladder and its position in the middle of the aisle, no reasonable jury could find that it was not obvious. As such, Lowe's was under no duty to warn Sassoon about the placement of or the danger from the ladder.

2. Though a landowner may not have a duty to warn of an obvious danger, a landowner may still have a duty to remedy the danger if it was foreseeable that the danger may cause injury. *See Krongos v. Pac. Gas & Elec. Co.*, 9 Cal. Rptr. 2d 124, 127-28 (Ct. App. 1992). "[I]t is foreseeable that even an obvious danger may cause injury, if the practical necessity of encountering the danger, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger." *Lopez v. Superior Court*, 52 Cal. Rptr. 2d 821, 828 (Ct. App. 1996) (quoting *Krongos*, 9 Cal. Rptr. 2d at 127). Under California law, "the question of 'duty' is decided by the court." *Ballard v. Uribe*, 715 P.2d 624, 628 n.6 (Cal. 1986); *see also Ellison v. Shell Oil Co.*, 882 F.2d 349, 352-53 (9th Cir. 1989).

3

Here, Lowe's had no duty to remedy the obvious danger of the placement of the ladder. Though the ladder was placed in the middle of the aisle, the facts taken in the light most favorable to Sassoon indicate that there were nineteen inches of clearance on either side of the ladder. As there was unobstructed space around the ladder, it was not foreseeable that the ladder would cause injury to a person walking through the aisle. Further, a Lowe's customer would not be forced to encounter the ladder; in addition to walking within the clearance, a customer could walk through a different aisle. *Cf. Martinez v. Chippewa Enters., Inc.*, 18 Cal. Rptr. 3d 152, 155-56 (Ct. App. 2004) (holding that there may have been a duty to remedy a wet sidewalk that was the "principal" access to a public building, thus predictably attracting pedestrian use, where the alternative would likely be to walk in the gutter).

**3.** We deny Lowe's request for dismissal of this appeal or other sanctions. While Sassoon did not fully comply with Federal Rules of Appellate Procedure 28 and 30, his violations were not so numerous and egregious as to prevent this court from learning the relevant facts and law or to substantially waste the court's time. *See Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1242-44 (9th Cir. 1998) (order) (declining to impose sanctions even where the excerpts of record

4

were "utterly useless"); *cf. Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136-37 (9th Cir. 2002) (order).  However, we reiterate that "attorneys should accept the responsibility of presenting an appeal of professional quality, which necessarily includes full compliance with the rules of court for the Ninth Circuit.  We expect and will accept no less." *Dela Rosa*, 136 F.3d at 1244.

**AFFIRMED.**

**_Sassoon v Lowe's Home Center LLC   14-55538_**

Reinhardt, Circuit Judge, dissenting:

I agree with the majority that the ladder was an open and obvious danger, but disagree that it is not foreseeable that a customer may trip on the bottom corner of a large ladder left in the middle of the aisle.  Accordingly, I dissent.

Even if there is an open and obvious danger, a landowner may still have a duty to remedy that danger if it is foreseeable that someone could be injured by it.  *Krongos v. Pac. Gas & Elec. Co.*, 7 Cal. App. 4th 387, 393 (2009).  Here, there was a large ladder in the middle of a narrow aisle that employees and customers regularly passed through.  King, the Lowe's employee who led Sassoon through the aisle, said that he had never seen a ladder left in the middle of an aisle in the five years that he had worked at Lowe's and that it was common sense not to leave a ladder there.  This case shows why it was common sense not to do so.  King told Sassoon to follow him through the aisle, and Sassoon, naturally, was concentrating on following him.  As Sassoon passed through the aisle, his foot caught on the bottom wheel of the ladder, and he broke his small toe.  As evidenced by the facts in this case, it is foreseeable that the type of injury that Sassoon suffered may occur when a store, such as Lowe's, leaves a large ladder in the middle of an aisle.

The majority concludes the opposite, contending it is not foreseeable that a

customer, like Sassoon, would encounter the ladder, because he could walk around it or use a different aisle. First, it is foreseeable that customers squeezing through a foot and a half of space may trip on a bottom corner of the ladder blocking their way. Moreover, at busy times, two customers may have to squeeze through that small space, either both going the same way or one going one way and one the other, making it not only foreseeable but highly likely that sometime during the day some customer will collide with the bottom of the ladder. Second, contrary to the majority's reasoning, it is unreasonable to expect a customer who is being directed by a store employee through an aisle to stop following the store employee and use a different aisle when he spots the ladder. Especially in a store such as Lowe's in which customers often rely on store employees to show and to explain to them the location of various products, it is foreseeable that a customer, like Sassoon, will follow an employee who is helping him. In sum, because leaving a large object in the middle of an aisle at a store ("the category of negligent conduct at issue") is "sufficiently likely to result" in a customer tripping on the large item while following a store employee ("the kind of harm experienced"), I would hold that Lowe's has a duty to remedy this type of hazard, *Ballard v. Uribe*, 715 P.2d 624, 628 n.6 (Cal. 1986), and that it is a jury question whether Lowe's breached its duty given the facts of this particular case.

California's Supreme Court observed some time ago that "[t]here are many cases involving accidents in mercantile establishments where the question of plaintiff's contributory negligence has been held to be a question for the jury even though the plaintiff failed to observe what may have been an obvious danger." *Laird v. T.W. Mather, Inc.*, 51 Cal.2d 210, 217 (1958); *see also Beauchamp v. Los Gatos Golf Course*, 273 Cal. App. 2d 20, 35 (Ct. App. 1969) (whether plaintiff was reasonable in encountering risk of wearing worn down golf spiked shoes on smooth concrete is a question for the jury). More recently, the state supreme court renewed its warning against "effectively eliminat[ing] the role of the jury in negligence cases [by] transforming the question of whether a defendant breached the duty of care under the facts of a particular case into a legal issue to be decided by the court under the standard of care rubric." *Lugtu v. California Highway Patrol*, 26 Cal. 4th 703, 724 n.13 (2001). In deciding a disputed issue in this case about the particular factual circumstances of an "accident[] in a mercantile establishment," the majority fails to heed the California Supreme Court's warning and improperly deprives Sassoon of a jury trial. Because this case should be resolved by a jury, I would hold that the district court erred in granting summary judgment for the mercantile store.

I dissent.