**In re Dennis M. O'BRIEN; In re Oak O'Brien, Debtors,**

**Community Commerce Bank, Appellant,**

v.

**Dennis M. O'Brien; Oak O'Brien, Appellees.**

No. 02–55307.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.*

Filed Dec. 10, 2002.

Leon L. Vickman, Encino, California, for the appellant.

Thomas Davis, Norwalk, California, for the appellees.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Community Commerce Bank appeals from a decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's final determination of its allowed secured claim, including its reasonable attorneys' fees pursuant to *11 U.S.C. § 506(b).*[1] We have jurisdiction pursuant to *28 U.S.C. § 158(d).* Appellant's primary contention on appeal is that the bankruptcy court lacked jurisdiction over the debtor's action for declaratory relief seeking a judicial determination of the amount owed the bank under a Chapter 13 payment plan. The appellant also claims the bankruptcy court erred in several other respects. Because both the appellant's brief and the excerpts of record provided to us are inadequate and fail to comply with the Federal Rules of Appellate Procedure ("FRAP") and Ninth Circuit rules, we dismiss the appeal.

■ "The violations are legion." *N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir.1997). First, the appellant's brief fails to comply with FRAP 28(a). The rule is quite clear, and is written in mandatory terms. The "appellant's brief *must* contain" certain information, in appropriate sections, and in the order indicated. FRAP 28(a) (emphasis added). The appellant's brief does not contain a corporate disclosure statement, FRAP 28(a)(1), an appropriate jurisdictional statement, FRAP 28(a)(4), appropriate references to the record, FRAP 28(a)(7) &

FRAP 28(e), an appropriate summary of the argument, FRAP 28(a)(8), or a statement of the applicable standard of review with respect to *each* issue presented, FRAP 28(a)(9). We have previously held that failure to comply with Rule 28, by itself, is sufficient ground to justify dismissal of an appeal. *Han v. Stanford University Dining Services,* 210 F.3d 1038, 1040 (9th Cir.2000); *N/S Corp.,* 127 F.3d at 1146; *Mitchel v. General Electric Co.,* 689 F.2d 877, 879 (9th Cir.1982); *Stevens v. Security Pacific National Bank,* 538 F.2d 1387, 1389 (9th Cir.1976); *see also* Ninth Circuit Rule 28–1(a) ("Briefs not complying with FRAP and these rules may be stricken by the Court.").

Worse still are the excerpts of the record. They are deficient in several respects. Missing from the required excerpts of record[2] are the notice of appeal, Circuit Rule 30–1.3(a)(i), a completed docket from the bankruptcy court and the BAP, Rule 30–1.3(a)(ii), or relevant excerpts of the trial transcript (or any part of the trial transcript for that matter), Circuit Rule 30–1.3(a)(iv), (a)(vii); *see also* FRAP 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of *all* evidence relevant to that finding or conclusion.") (emphasis added). A logical document to include in any excerpts, might be, for example, the ruling appealed from, as indeed is required by Circuit Rule 30

---

1. Section 506(b) provides:
   To the extent that an allowed secured claim is secured by property that value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which the claim arose.
   *11 U.S.C. § 506.*

2. The appellant is required under Circuit Rule 30–1 to prepare excerpts of record. This is so because "[a]ll members of the panel assigned to hear the appeal ordinarily will not have the entire record." Circuit Rule 30–1.1(a). "The purpose of the excerpts of record is to provide each member of the panel with those portions of the record necessary to reach a decision." *Id.*

1.3(a)(iii), but no such ruling appears in the appellant's excerpts. Furthermore, many of the documents that are included in the excerpts, like the plan of confirmation, are unintelligible (as is the pagination throughout). Other documents are so poorly copied as to be incomplete, with bits and pieces missing here and there.

■ As with briefing inadequacies, the failure to present a sufficient record can itself serve as a basis for summary affirmance, *Perez v. Perez*, 30 F.3d 1209, 1217–18 (9th Cir.1994); *Lowery v. United States*, 258 F.2d 194, 196 (9th Cir.1958) ("Since appellant has seen fit to proceed with his appeal on the wholly inadequate record we have described, the judgment must be and is affirmed."), or for a dismissal of the appeal, *Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241, 1243 n. 1 (9th Cir.1998).

■ The "rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such local rules necessarily entails." *Id.* at 1244. These rules serve a critical function in that they maximize ever more scarce judicial resources. *N/S Corp.*, 127 F.3d at 1145 ("In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words...."). An enormous amount of time is wasted when attorneys fail to provide proper briefs and excerpts of record that should have supplied the court with the materials relevant to the appeal. The FRAP and Ninth Circuit rules are "not optional suggestions ... but *rules* that ... are entitled to respect, and command compliance." *Dela Rosa*, 136 F.3d at 1243 (emphasis in original). We file this order for publication to remind all counsel, once again, of the potential consequences of a failure to comply.

In short, the appellant, a bank, which is able to obtain the most competent counsel, has seen fit to ignore the Federal Rules of Appellate Procedure and Ninth Circuit rules, and essentially tossed this bankruptcy case in our laps, leaving it to us to figure out the relevant facts and law. We decline to do so. We dismiss the appeal.

**DISMISSED.**