**Vartouhi KHANISHIAN, Plaintiff—Appellant,**

**v.**

Michael J. ASTRUE,* Commissioner of the Social Security Administration, Defendant—Appellee.

No. 05–56615.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007.**

Filed June 26, 2007.

John Ohanian, Esq., Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Sharon Sands, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: ALARCÓN, D.W. NELSON, and RYMER, Circuit Judges.

MEMORANDUM ***

Vartouhi Khanishian ("Khanishian") appeals the district court's judgment in favor

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Commissioner of Social Security's denial of her application for disability insurance and Supplemental Social Security Income benefits under Titles II and XVI of the Social Security Act. For the following reasons, we affirm.

■ Khanishian contends that the Administrative Law Judge (ALJ) rendered an erroneous credibility determination. In particular, she argues the ALJ offered four flawed reasons in support of his credibility finding. First, the ALJ found the claimant's "credibility ... diminished by the lack of objective medical evidence to substantiate disability." The claimant contends that this reason is flawed because the ALJ made a finding that she had a medically determinable impairment. The ALJ "is not required to believe a claimant's pain testimony and ... may decide to disregard such testimony entirely whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain." *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986). The claimant is correct in noting that the ALJ made a finding that she had a medically determinable impairment. However, the ALJ found as a factor in his credibility determination, her complaint of excess pain symptoms. "If the claimant submits objective medical findings establishing a medical impairment that would normally produce a certain amount of pain, but testifies that she experiences pain at a higher level ... the [ALJ] is free to decide to disbelieve that testimony ... but must make specific findings justifying that decision." *Id.* (citation omitted). In this case, the ALJ cited to the majority of tests finding unremarkable results or mild to moderate impairments as a reason for disbelieving the testimony of the claimant. We hold that it was appropriate for the ALJ to rely on this lack of congruence between the subjective complaints of severe and disabling back pain and the medical evidence as a factor in his credibility determination.

Second, Khanishian contends that the ALJ erred in looking to the conservative treatment of the claimant's treating physicians. However, we have held that "[t]he ALJ is permitted to consider lack of treatment in his credibility determination." *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir.2005). There was no error.

Third, Khanishian contends that the ALJ erred in taking into account claimant's failure to report side effects from her use of medications during 2000. Contrary to the claimant's contention, the ALJ did not simply rely on her failure to report side effects as a basis for his credibility finding. Instead, the ALJ relied on the claimant's inconsistencies in reporting the side effects to different doctors. We have held that "[i]n determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Id.* at 680. Therefore, it was appropriate for the ALJ to consider these inconsistencies.

Fourth, Khanishian disputes the ALJ's reliance on inconsistent reports regarding her ability to read and communicate in English, her shopping and other activities, as well as reports by her daughter regarding claimant's needs, suicidal tendencies, and hallucinations. For the same reasons as cited above, the ALJ's reliance on the inconsistent reports was appropriate. Further, there was substantial evidence supporting the finding that the claimant's daughter's testimony was not credible. The daughter's testimony that the claimant suffered extreme incapacitation and suicidal ideation was inconsistent with both the physical and psychiatric evalua-

tions as well as the claimant's own subjective reports to doctors in the record. This supports a finding that the daughter exaggerated the claimant's symptoms and therefore was not credible.

Since it was appropriate to consider all of the factors that the ALJ relied on in his credibility finding, we find that substantial evidence supports the ALJ's determination that the claimant and her daughter were not credible.

■ Substantial evidence in the record supports the ALJ's refusal to give controlling weight to the opinion of the claimant's treating physicians, Drs. Kadoyan, Janoian, and Svadjian. "We afford greater weight to a treating physician's opinion because he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (citation and internal quotation marks omitted). However, an ALJ can "reject the opinion of a treating physician which conflicts with that of an examining physician" so long as he "make[s] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Id.* We agree with the district court's analysis and hold that the ALJ's decision to give less weight to the opinion of the treating physicians was supported by substantial evidence in the record. In particular, we find that since the treating physicians' diagnoses of symptoms were based on the claimant's subjective complaints that were found not credible, and not on objective medical evidence, it was appropriate to discount the treating physicians' opinions.

Khanishian contends that the opinions of the non-examining physicians, Dr. Maxwell and Dr. Griffin warrant no weight because they are not supported by substantial evidence in the record. We disagree. Objective clinical and diagnostic tests that were consistent with the opinions of Dr. Maxwell and Dr. Griffin, supports the ALJ's decision to give the non-examining physicians' opinions weight.

Finally, the hypothetical posed to the vocational expert, which set out the limitations supported by the clinical and diagnostic tests in the record, was proper. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir.2001) (holding that "[a]n ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations").

**AFFIRMED.**

RYMER, Circuit Judge, concurring:

I concur for the additional reason that Khanishian failed to include the entire 641-page Certified Administrative Record ("CAR") in the Excerpts of Record. *See In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir.2002) ("failure to present a sufficient record can itself serve as a basis for summary affirmance"); Circuit Rule 30–1.1. The CAR contains all of the medical records and physician reports that Khanishian relies on to demonstrate that ALJ's and magistrate judge's respective orders were in error. Khanishian cited the CAR throughout her opening brief and it is clearly "necessary to the resolution of an issue on appeal." Circuit Rule 30–1.4(a)(xi).