**SUN PACIFIC FARMING COOPER-ATIVE, INC., Plaintiff–counter–defendant–Appellant,**

v.

**SUN WORLD INTERNATIONAL, INC., Defendant–counter–claimant–Appellee,**

and

**Sun Pacific Farming Co.; Bernie H. Evans, III; Richard Peters, Counter–defendants.**

No. 06–16326.

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2008.*

Filed May 8, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert H. Scribner, Kimble, Macmichael & Upton, Fresno, CA, Kent E. Baldauf, Jr., Esq., Russell D. Orkin, Esq., Webb Ziesenheim et al., Pittsburgh, PA, for Plaintiff–counter–defendant–Appellant.

T. Scott Belden, Esq., Cooper Rosenlieb & Kimball LLP, Bakersfield, CA, Daniel M. Wall, Esq., Latham & Watkins, LLP, San Francisco, CA, for Defendant–counter–claimant–Appellee.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Sun Pacific Farming Cooperative, Inc. ("Sun Pacific") appeals the district court's judgment, which found Sun Pacific liable for conversion and fraud, and awarded Sun World International, Inc. ("Sun World") $8,064.00 in compensatory damages, $250,000.00 in punitive damages, and $27,684.30 in costs. We affirm the district court's judgment in part, but vacate its award of punitive damages and remand for reconsideration and recalculation of the amount of the punitive damages award. The parties are familiar with the facts of this case, so we recount them here only as necessary.

This court reviews "the district court's findings of fact after a bench trial for clear error and its conclusions of law de novo." *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir.2003). It reviews de novo a district court's decision based on its analysis of contractual language and application of contract interpretation principles. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir.1985). "When the inquiry focuses on extrinsic evidence of related facts, however, the trial court's conclusions will not be reversed unless they are clearly erroneous." *Id.* (citations omitted).

This court reviews the district court's decision to award punitive damages for an abuse of discretion, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.2002), but reviews de novo whether the amount of the punitive damages award violates due process. *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 953 (9th Cir. 2005), *cert. denied*, 547 U.S. 1111, 126 S.Ct. 1912, 164 L.Ed.2d 664 (2006). The court defers to the district court's findings of

ed by 9th Cir. R. 36–3.

fact unless they are clearly erroneous. *Id.* at 954.

■ We conclude that the district court properly considered and admitted extrinsic evidence in construing the agreements that made up the purchase and sale transaction between the sellers, represented by John Garabedian, and Superior Farming Company, Sun World's predecessor in interest. *See Dore v. Arnold Worldwide, Inc.,* 39 Cal.4th 384, 46 Cal.Rptr.3d 668, 139 P.3d 56, 60 (2006); *see also Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641, 644 (1968). The district court found that the extrinsic evidence presented at trial was "in accord with the most plausible meaning of the acquisition contracts and establishes that the contracting parties intended that [Richard] Peters not retain Sugarone [sic] plant material following the acquisition and that the acquisition documents transferred to Superior Farming the exclusive right to the Sugarone [sic] variety."

Having appropriately interpreted the pertinent acquisition agreements, we conclude that the district court properly found that Sun Pacific's and Peters's retention and subsequent sale of Sugraone plant material constituted conversion. *See, e.g., Burlesci v. Petersen,* 68 Cal.App.4th 1062, 80 Cal.Rptr.2d 704, 706 (1998) (stating the elements of conversion under California law) (citing *Moore v. Regents of Univ. of Cal.,* 51 Cal.3d 120, 271 Cal.Rptr. 146, 793 P.2d 479 (1990)). The district court also properly found that Peters's conduct in surreptitiously converting and concealing the Sugraone plant material constituted an intentional misrepresentation. *See, e.g., Small v. Fritz Companies, Inc.* 30 Cal.4th 167, 132 Cal.Rptr.2d 490, 65 P.3d 1255, 1258 (2003) (stating the elements of fraud or deceit under California law) (citing *Lazar v. Superior Court,* 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996)).

■ Despite Peters's and Sun Pacific's misconduct, we cannot affirm the district court's punitive damages award because the amount of the award would violate Sun Pacific's due process rights under prevailing authority from the United States Supreme Court. *See, e.g., State Farm Mut. Ins. Co. v. Campbell,* 538 U.S. 408, 424–26, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). The roughly 31–to–1 ratio between the punitive damages award and the compensatory damages award exceeds the outer limits that the Supreme Court has indicated would comport with due process. *Id.* at 425, 123 S.Ct. 1513. Although the misconduct at issue here is serious and intentional, it does not appear to be in the realm of the most egregious misconduct that would otherwise support such a high damages ratio. *See id.* (stating that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety," and that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"); *see also Planned Parenthood,* 422 F.3d at 954–57, 962–63 (collecting cases discussing the propriety of large punitive damages awards); *Swinton v. Potomac Corp.,* 270 F.3d 794, 818–20 (9th Cir.2001). We therefore remand to the district court for reconsideration of the punitive damages award in light of prevailing law.[1]

---

1. In remanding the punitive damages award to the district court, we note that the Supreme Court granted certiorari, and recently heard argument, in *In Re Exxon Valdez,* 490 F.3d 1066, 1084 (9th Cir.2007), *cert. granted, Exxon Shipping Co. v. Baker,* —— U.S. ——, 128 S.Ct. 492, 169 L.Ed.2d 337 (2007).

■ Finally, Sun Pacific challenges the district court's award of costs to Sun World. We affirm the district court's award because Sun Pacific failed to include in its Excerpts of Record any documents supporting its arguments. *See* Fed. R.App. P. 28(a)(9)(A) (requiring that the appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . ."); *see, e.g., In Re O'Brien*, 312 F.3d 1135, 1137 (9th Cir.2002) (holding that "failure to present a sufficient record can itself serve as a basis for summary affirmance . . . or for a dismissal of the appeal").

Based on the foregoing, we affirm the district court's judgment in all respects, except the amount of the district court's punitive damages award, which must be remanded to the district court for reconsideration and recalculation.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.** Each party shall bear its own costs on appeal.