**Tien PHAM, Petitioner—Appellant,**

v.

**James TILTON, Sec. (Acting) California Department of Corrections, Respondent—Appellee.**

No. 07–16432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed Jan. 20, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rommel Bondoc, Esquire, San Francisco, CA, for Petitioner–Appellant.

John Adrian Gordnier, Esquire, Pegy Ruffra, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: KLEINFELD and N.R. SMITH, Circuit Judges, and MILLS *, District Judge.

## MEMORANDUM **

Tien Pham ("Pham") appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging a trial court's finding, after a bench trial, that a gang enhancement applied to his sentence arising out of his conviction on three counts of attempted murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

A federal court reviewing a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir.1992). Rather, the relevant inquiry is whether "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307,

319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Combining this standard with the deferential habeas standard of review required by 28 U.S.C. § 2254(d)(1), we must "ask whether the decision of the [state court] reflected an 'unreasonable application of' *Jackson* and [*In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ] to the facts of this case." *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir.2005).

We first note Pham's counsel's failure to comply with Ninth Circuit rules regarding the excerpts of record. Counsel inexcusably failed to include the state court decision that 28 U.S.C. § 2254(d)(1) requires us to review or any of the relevant portions of the transcript, even though Pham challenges the sufficiency of the evidence. *See* Ninth Cir. Rule 30–1.4. Although we could summarily affirm on this ground, we decline to do so. *See In re O'Brien*, 312 F.3d 1135, 1136–37 (9th Cir.2002).

 During a bench trial to which the parties' stipulated, the trial court heard testimony that: 1) Pham was a member of the street gang V12; 2) gangs engage in acts of excessive violence to discourage people from reporting crimes, to intimidate witnesses, and to send the message that cooperating with police will result in retaliation; and 3) V12 was a relatively new gang at the time of the stabbings and needed to establish its reputation for toughness. Viewing the evidence in the light most favorable to the prosecution, the state court reasonably applied *Jackson* when it held that a rational trier of fact could have found beyond a reasonable doubt that Pham committed the stabbings to promote, further, or assist in other

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

criminal activity of V12 (such as witness intimidation). *See* Cal.Penal Code §§ 136.1(b)(1), 186.22(b)(1); *Garcia v. Carey*, 395 F.3d 1099, 1101 (9th Cir.2005).

■ Even excluding the 1998 Phat Vu incident, the trial court heard testimony indicating that, in a period of two months, as many as six of V12's twelve members were involved in two remarkably similar attempted murder incidents in which victims were stabbed during fights at Vietnamese cafes. Viewing this evidence in the light most favorable to the prosecution, the state court reasonably applied *Jackson* when it held that a rational trier of fact could have found beyond a reasonable doubt that V12 met California's definition of "criminal street gang" because one of V12's primary activities was attempted murder. *See* Cal.Penal Code § 186.22(f); *People v. Sengpadychith*, 26 Cal.4th 316, 109 Cal.Rptr.2d 851, 27 P.3d 739, 744 (2001).

AFFIRMED.

KLEINFELD, Circuit Judge, *dissenting:*

I respectfully dissent.

The majority correctly states the law and I dissent with some trepidation because of the double deference we are required to apply under *Jackson v. Virginia*[1] and 28 U.S.C. § 2254(d)(1).[2] Nevertheless, having reviewed the conclusory finding of the trial judge, and having obtained and read the entire transcript of the trial, it is my view that the state court unreasonably applied the *Jackson* test. On the evidence before the trial court, no rational trier of fact could have found the essential elements of the enhancing crime beyond a reasonable doubt.

Pham was proved to be a member of the V–12 gang. And his conviction for the stabbing is not at issue. All that is at issue is the substantial gang enhancement added to his sentence. And the only serious issue regarding the gang enhancement is whether there was enough evidence for a trier of fact to conclude that Pham acted with the "specific intent to promote, further, or assist in any criminal conduct by gang members."[3]

The evidence wasn't there. The only evidence for the gang enhancement was testimony by a police officer with training and experience in gangs, inferring that Pham acted with the specific gang intent. The police officer's testimony, though, stacked inference on inference, and did not connect up with the facts of the case. First, the police officer testified that a gang-to-gang challenge would require a violent response in order to assist the gang. But there was no evidence that the people at the other table were members of a rival gang or any gang. Second, the police officer testified that he inferred intent because Pham's companion, Trinh, was also a V–12 gang member. All the testimony, though, was that the gang was not secret, Pham readily claimed membership, and Trinh was not a member. The police files of V–12 gang members did not include Trinh. The evidence that the police officer relied on was that another V–12 gang member had a telephone list that included Trinh's name. But this was a Vietnamese

---

1. 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

2. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir.2005) ("After AEDPA, we apply the standards of *Jackson* with an additional layer of deference.").

3. Cal.Penal Code § 186.22(b)(1).

gang, and the list included Anglo names, so it plainly was not a membership list, but rather a telephone list that included both gang members and others. None of the victims testified that they heard any gang language by anyone.

It is plausible that Pham acted with the intent to promote his gang, by showing that insults to any member will not be tolerated. But I do not think that any reasonable trier of fact could conclude beyond a reasonable doubt that he acted for that purpose. What the evidence supports is that the female at the other table insulted Pham, one of the males with her confronted Pham and Trinh with an insulting remark, and Pham and Trinh responded violently. The police officer with gang training and experience did not know any more than this. His testimony established no more than that, if the facts were different (e.g., if Trinh was a member of the gang or if the people at the other table were members of a rival gang), it would be a reasonable inference that this was a gang fight. In the facts that actually pertained, however, the inference is unfounded. A reasonable trier of fact could conclude only that it was a criminally violent response to insults by a teenage hoodlum.