MEMORANDUM **
Tien Pham (“Pham”) appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition challenging a trial court’s finding, after a bench trial, that a gang enhancement applied to his sentence arising out of his conviction on three counts of attempted murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
A federal court reviewing a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992). Rather, the relevant inquiry is whether “viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Combining this standard with the deferential habeas standard of review required by 28 U.S.C. § 2254(d)(1), we must “ask whether the decision of the [state court] reflected an ‘unreasonable application of Jackson and [In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ] to the facts of this case.” Juan H. v. Allen, 408 F.3d 1262, 1275 (9th Cir.2005).
We first note Pham’s counsel’s failure to comply with Ninth Circuit rules regarding the excerpts of record. Counsel inexcusably failed to include the state court decision that 28 U.S.C. § 2254(d)(1) requires us to review or any of the relevant portions of the transcript, even though Pham challenges the sufficiency of the evidence. See Ninth Cir. Rule 30-1.4. Although we could summarily affirm on this ground, we decline to do so. See In re O’Brien, 312 F.3d 1135, 1136-37 (9th Cir.2002).
During a bench trial to which the parties’ stipulated, the trial court heard testimony that: 1) Pham was a member of the street gang V12; 2) gangs engage in acts of excessive violence to discourage people from reporting crimes, to intimidate witnesses, and to send the message that cooperating with police will result in retaliation; and 3) V12 was a relatively new gang at the time of the stabbings and needed to establish its reputation for toughness. Viewing the evidence in the light most favorable to the prosecution, the state court reasonably applied Jackson when it held that a rational trier of fact could have found beyond a reasonable doubt that Pham committed the stabbings to promote, further, or assist in other *193 criminal activity of V12 (such as witness intimidation). See Cal.Penal Code §§ 136.1(b)(1), 186.22(b)(1); Garcia v. Carey, 395 F.3d 1099, 1101 (9th Cir.2005).
Even excluding the 1998 Phat Vu incident, the trial court heard testimony indicating that, in a period of two months, as many as six of V12’s twelve members were involved in two remarkably similar attempted murder incidents in which victims were stabbed during fights at Vietnamese cafes. Viewing this evidence in the light most favorable to the prosecution, the state court reasonably applied Jackson when it held that a rational trier of fact could have found beyond a reasonable doubt that V12 met California’s definition of “criminal street gang” because one of V12’s primary activities was attempted murder. See Cal.Penal Code § 186.22(f); People v. Sengpadychith, 26 Cal.4th 316, 109 Cal.Rptr.2d 851, 27 P.3d 739, 744 (2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.