UNIVERSAL TRADING & INVEST-
MENT COMPANY, INC., Plain-
tiff—Appellant,

v.

Pavel I. LAZARENKO and Dugsberry,
Inc., Defendants—Appellees.

No. 08–16800.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2009.

Filed Nov. 10, 2009.

James Bridgman, Aspeling Bridgman
LLP, San Francisco, CA, George A. Lam-
bert, Esquire, Law Office Lambert and
Associates, Washington, DC, for Plaintiff–
Appellant.

Doron Weinberg, Nina Wilder, Wein-
berg & Wilder, San Francisco, CA, for
Defendants–Appellees.

Before: TROTT and BEA, Circuit
Judges, and CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, United    States District Judge for the Northern District

MEMORANDUM **

Universal Trading & Investment Co. ("UTI") appeals the district court's grant of summary judgment in favor of Pavel Lazarenko and Dugsberry, Inc. ("Dugsberry"). UTI also appeals the district court's entry of final judgment and denial of a request to entertain a Fed.R.Civ.P. 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the grant of summary judgment and determination that UTI's claim was time-barred. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir.2003). UTI's challenge to the entry of final judgment is reviewed for abuse of discretion. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir.2001). The district court's order declining to entertain a Rule 60(b) motion is not a final determination on the merits, and is not subject to appellate review. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir.2000).

■ After obtaining a default judgment against a third party, UTI sought to enforce the judgment against California real property owned by Lazarenko and Dugsberry on the theory they acquired the property with funds fraudulently transferred by the judgment debtor. The district court determined that UTI's application to levy execution on the property under the California Uniform Fraudulent Transfer Act was time-barred. We agree. Section 3439.09(c) of the California Civil Code provides:

Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made ... within seven years after the transfer was made or the obligation was incurred.

By enacting § 3439.09(c), the California legislature "clearly meant to provide an overarching, all-embracing maximum time period to attack a fraudulent transfer, no matter whether brought under the [Uniform Fraudulent Transfer Act] or otherwise." *Macedo v. Bosio*, 86 Cal.App.4th 1044, 1050 n. 4, 104 Cal.Rptr.2d 1 (2001). The fraudulent transfers relating to the California property allegedly occurred in 1996 and 1997, more than seven years before UTI filed its application to levy judgment on July 31, 2006. UTI's claim is therefore time-barred under § 3439.09(c).

■ Because the summary judgment order resolved the only pending claim, the district court did not abuse its discretion in entering final judgment. UTI contends the district court should have first addressed additional claims raised in a verified complaint and amended application. But these new claims were filed after summary judgment was granted and without the district court's permission. Although the district court implicitly denied UTI leave to file these new claims by entering final judgment, the court advised UTI in a post-judgment order that it could proceed by filing its complaint in a new case. UTI has done just that, filing a materially identical complaint in an ongoing case in the Northern District of California, *Universal Trading & Investment Co. v. Dugsberry, Inc., et al.*, D.C. No. 3:08–cv–03632–CRB. Any issue regarding the implicit rejection of UTI's post-judgment filings is moot.

■ We note UTI's briefs are in violation of Fed. R.App. 28 and the appeal is subject to dismissal for that reason alone. *In re O'Brien*, 312 F.3d 1135, 1136 (9th

of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2002). The statement of facts is almost entirely argument and references to the record are few and far between. The briefs present numerous issues that are unsupported by argument, and therefore are waived. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996). UTI distorts the summary judgment record as well as cited legal authority, and engages in baseless attacks on the district court's fairness.

More seriously, it appears to this court from official district court records that UTI's attorneys have repeatedly attempted to conceal and misrepresent the disposition of UTI's application to levy execution on bank accounts during the course of this appeal. In UTI's initial brief, authored by attorneys George Lambert and John H. Aspelin, UTI argued the district court ignored the application to levy on bank accounts and never addressed the subject in any court order. *See* Blue Brief at 7. When questioned at oral argument, UTI's attorney (and Aspelin's partner), James C. Bridgman, repeatedly insisted the bank account application was overlooked by the district court and that nothing in the record indicated otherwise. The obvious purpose of UTI's baseless argument was to cast doubt on whether summary judgment resolved all UTI's claims. But it appears that UTI's counsel must have known from their own direct involvement in the district court proceedings in this and in related cases, and by a review of the district court docket, that their representations regarding the status of the bank account application were patently false.

Aspelin represented UTI in the district court. On June 6, 2006, Judge Charles R. Breyer referred the bank account levy application to Judge Martin J. Jenkins, to consider whether the application was related to a pending criminal case on Judge Jenkins' docket, *United States v. Lazarenko,* D.C. No. CR 00–0284. *See Universal Trading & Investment Co. v. Lazarenko, et al.,* D.C. No. 3:06–MC80086, Docket No. 5. On August 29, 2006, Judge Jenkins found UTI's bank account levy application related to Lazarenko's criminal case and accepted reassignment of the bank account issue. *See id.,* Docket No. 10. Aspelin appeared on UTI's behalf in Lazarenko's criminal case and filed petitions claiming an interest in bank accounts that were subject to criminal forfeiture. *See United States v. Lazarenko,* D.C. No. CR 00–0284, Docket Nos. 958–969. After Judge Jenkins dismissed UTI's claim as an intervening party and denied UTI's Rule 59(e) motion to alter judgment (also submitted by Aspelin), Aspelin filed UTI's notice of appeal in Lazarenko's criminal case on June 15, 2009. Dismissal of the bank account claims is now the subject of a separate appeal, *United States v. Universal Trading & Investment Co.,* 9th Cir. Docket No. 09–10255. Both Aspelin and Lambert filed appearances as UTI's attorneys in the appeal of the dismissal of UTI's bank account application in the Lazarenko criminal case. At no time—either before or after oral argument—have Aspelin, Lambert, or Bridgman taken any corrective steps to apprise this court of the true disposition of UTI's application to levy on the bank accounts or to withdraw their misleading representations.

Separate Orders to Show Cause filed concurrently with this disposition require UTI's attorneys, George Lambert, John H. Aspelin, and James C. Bridgman, to show cause why they should not be disciplined pursuant to Fed. R.App. P. 46(b) and (c) for making material misrepresentations to this court.

**AFFIRMED; ORDERS TO SHOW CAUSE ISSUED.**