**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULA I. KELLER; THE ARK
SYSTEM, LLC, a California limited
liability; JASON A. KELLER,

           Plaintiffs - Appellants,

  v.

GOLDEN CORRAL FRANCHISING
SYSTEMS, INC.; RAI RESTAURANTS
INC.,

           Defendants - Appellees.

No. 08-55815

D.C. No. 2:07-cv-03143-RGK-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 30, 2009[**]
Pasadena, California

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

As the parties are familiar with the facts of the case, we state them here only as necessary to explain our decision. Plaintiffs Paula and Jason Keller and the ARK System ("Plaintiffs") filed California state breach of contract and concealment claims against Golden Corral Franchising Systems ("Golden Corral") and RAI Restaurants, Inc. ("RAI"). Plaintiffs also filed a California Franchise Investment Law ("CFIL") claim against Golden Corral under Cal. Corp. Code § 31300. The district court granted summary judgment to Golden Corral and RAI on all claims on the sole basis that Plaintiffs were required to show damages for each claim and Plaintiffs failed to plead any specific facts or offer any admissible evidence as to damages. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

I.

Plaintiffs contend that the district court erred in granting summary judgment to Golden Corral and RAI on Plaintiffs' breach of contract claims because Golden Corral and RAI did not adequately raise damages as a basis for summary judgment with respect to those claims.

A district court may enter summary judgment *sua sponte* on an issue not raised by the moving party when no material issue of fact exists and the losing party has had an adequate opportunity to address the issues involved. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1533 (9th Cir. 1995). The losing party, however, must be given reasonable "notice that she had to come forward with all of her evidence." *Celotex*, 477 U.S. at 326; *Greene v. Solano County Jail*, 513 F.3d 982, 990 (9th Cir. 2008) ("*Sua sponte* grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'") (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

We conclude that the district court erred in granting summary judgment in favor of Golden Corral on Plaintiffs' breach of contract claim because, with respect to that claim, Golden Corral did not adequately raise damages as a basis for summary judgment and Plaintiffs were not otherwise given reasonable notice that damages were at issue.

The district court, however, did not err in granting summary judgment in favor of RAI on Plaintiffs' breach of contract claim because RAI did adequately raise damages as a basis for summary judgment with respect to that claim.

## II.

Plaintiffs contend that the district court erred in granting summary judgment to Golden Corral on Plaintiffs' concealment claim because Golden Corral did not adequately raise damages as a basis for summary judgment with respect to that

claim. The district court did not err: Golden Corral adequately raised damages as a basis for summary judgment with respect to the concealment claim.

## III.

Plaintiffs contend that the district court erred in granting summary judgment to Golden Corral on Plaintiffs' CFIL claim because, under Cal. Corp. Code § 31300, when a plaintiff seeks rescission, proof of damages are not required. Rescission is an available remedy for willful violations of Cal. Corp. Code § 31300.

The district court did not err in granting summary judgment in favor of Golden Corral on Plaintiffs' CFIL claim. We do not reach the question of whether damages is a required element of a successful CFIL claim under Cal. Corp. Code § 31300 when a plaintiff seeks rescission. Instead, we conclude that Plaintiffs' argument fails because rescission was not an available remedy, as Plaintiffs did not allege that Golden Corral willfully violated Cal. Corp. Code § 31300.

## IV.

Defendants ask this court to dismiss Plaintiffs' appeal on the ground that Plaintiffs did not file an adequate excerpts of record. Such dismissal is discretionary, and we decline to do so. *See In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002).

In summary, we AFFIRM the district court's grant of summary judgment to RAI on Plaintiffs' breach of contract claim, AFFIRM the district court's grant of summary judgment to Golden Corral on Plaintiffs' concealment and CFIL claims, and REVERSE the district court's grant of summary judgment to Golden Corral on Plaintiffs' breach of contract claim.

AFFIRMED in part, REVERSED in part, and REMANDED.

Each party shall bear its own costs on appeal.