**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| OKORIE OKOROCHA, an individual,<br><br>       Plaintiff-Counter-Defendant/<br>       Appellant,<br><br>  v.<br><br>PATRICK DUFF, an individual,<br><br>       Defendant-Counter-Claimant/<br>       Appellee. | No. 12-56930<br><br>D.C. No. 2:12-cv-04248-GAF-FFM<br><br><br>MEMORANDUM and ORDER[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 9, 2014[**]
Pasadena, California

Before: GILMAN,[***] GRABER, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Okorie Okorocha ("Okorocha") appeals the district court's denial of his motion to strike under California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Civil Procedure Code Section 425.16. Okorocha filed his anti-SLAPP motion in response to appellee Patrick Duff's ("Duff") libel counterclaim in a civil suit brought by Okorocha.[1]

Resolution of an anti-SLAPP motion requires a court to engage in a two-step process. In order to prevail, the moving party, here Okorocha, first must make a "prima facie showing that [his] suit arises from an act by [him] made in connection with a public issue in furtherance of [his] right to free speech under the United States or California Constitution." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003); Cal. Civ. Proc. Code § 425.16. The burden then shifts to the opposing party, here Duff, "to establish a reasonable probability that [he] will prevail on [his] claim in order for that claim to survive dismissal." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).

On appeal, Okorocha argues that his statements about Duff are protected speech because they relate to the public issue of drug dealing and because Duff has made his drug dealing a public issue. But Okorocha waived these arguments by not making them below. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063

---

[1] Because the parties are familiar with the facts, we do not recite them here.

2

n.3 (9th Cir. 2007). Okorocha also improperly supports these new arguments with documents that were not before the district court when it denied his anti-SLAPP motion and should not have been included by Okorocha in the excerpts of record. *See, e.g.*, *Lowry v. Barnhart*, 329 F.3d 1019, 1024-26 (9th Cir. 2003); *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136-37 (9th Cir. 2002) (order). Okorocha's argument that his statements are protected speech because they were made in a public forum in response to Duff's negative review of Okorocha's legal services has also been waived because Okorocha did not meaningfully develop this argument below or on appeal. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010) (order). Accordingly, Okorocha has failed to meet his burden under the first step of the anti-SLAPP motion.

The district court's denial of Okorocha's anti-SLAPP motion to strike is **AFFIRMED**. Okorocha's motion for judicial notice is **GRANTED**.[2]

---

[2] The district court may wish to consider whether dismissal of the pendent state claims presented in this case is appropriate. Okorocha's Anticybersquatting Consumer Protection Act claim, which is the only federal claim in this case, may be moot given that the website okorieokorocha.com now appears to be run by Okorocha.