**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA MAGDALENA RODRIGUEZ-DEL TORO, AKA Maria Magdalena Enriquez,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 12-71970<br><br>Agency No. A076-611-025<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2015[**]
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and SINGLETON,[***]
Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Maria Rodriguez-Del Toro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) denial of her second motion to reopen proceedings, filed more than nine years after the order of removal became final. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

Petitioner's brief fails to address the BIA's order, provide the correct standard of review, or cite any record evidence. "[F]ailure to comply with [Federal Rule of Appellate Procedure] 28, by itself, is sufficient ground to justify dismissal of an appeal." *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002). *See also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (any argument not "specifically and distinctly argued and raised" is waived).

Even had Petitioner complied with Rule 28, her petition fails. The BIA's denial of a motion to reopen is reviewed for abuse of discretion and will be reversed only if "arbitrary, irrational, or contrary to law." *Valeriano v. Gonzalez*, 474 F.3d 669, 672 (9th Cir. 2007) (internal quotation marks omitted). A petitioner is generally limited to filing one motion to reopen within ninety days of the

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

issuance of the final administrative decision, though the time and numerical limitations do not apply to a motion filed to allow the petitioner to apply for asylum based on changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(2)–(3). To qualify for this exception, the petitioner bears a "heavy burden," *INS v. Abudu*, 485 U.S. 94, 110–11 (1988), of producing previously unavailable, material evidence of changed country conditions that establish a prima facie case of eligibility for the relief sought. *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007).

The BIA did not abuse its discretion in concluding that Rodriguez failed to meet that burden. The declarations submitted to the BIA in support of Rodriguez's motion lacked detail establishing that she was a member of a protected social group, *see Navas v. INS*, 217 F.3d 646, 654 (9th Cir. 2000) (refugee status is established by evidence that an applicant has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion), or that she was "more likely than not" to be tortured upon return to Mexico, *see* 8 C.F.R. § 1208.16(c)(2). In the absence of establishing eligibility for asylum or protection under the CAT, Rodriguez does not dispute that her second motion to reopen, filed more than nine years after the order of removal became final, is untimely and number-barred.

3

The petition for review is **DENIED**.