
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJINDER KUMAR MALHOTRA, an individual and VEENA MALHOTRA, an individual, | No. 14-56241 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-04146-MWF-VBK |
| v. | |
| COPA DE ORA REALTY, LLC, a California limited liability company, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| RAKESH "ROCKY" MALHOTRA, an individual, | |
| Defendant-Appellant. | |

| | |
|---|---|
| RAJINDER KUMAR MALHOTRA, an individual and VEENA MALHOTRA, an individual, | No. 15-56654 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-04146-MWF-VBK |
| v. | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COPA DE ORA REALTY, LLC, a
California limited liability company and
RAKESH MALHOTRA, an individual,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 9, 2016[**]
Pasadena, California

Before:  CALLAHAN, BEA, and IKUTA, Circuit Judges.

Defendant Rakesh Malhotra appeals the district court's denial of his motion

to compel arbitration.  Plaintiffs Rajinder and Veena Malhotra appeal the district

court's entry of partial summary judgment for defendants and the district court's

declination of supplemental jurisdiction over their state law claims following

summary judgment.  We have jurisdiction over these appeals under 9 U.S.C.

§ 16(a)(1) and 28 U.S.C. § 1291.  We affirm in part and dismiss in part.[1]

---

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] We decline Rajinder and Veena's invitation to dismiss Rakesh's appeal due
to technical violations of the Federal Rules of Appellate Procedure and our Circuit
Rules.  *See generally In re O'Brien*, 312 F.3d 1135 (9th Cir. 2002).  Any violations
were not sufficiently severe or pervasive so as to preclude effective appellate
review.

2

The district court did not err in denying the motion to compel arbitration of Rajinder's claims against Rakesh because by its terms, the contract containing the arbitration agreement requires arbitration only of disputes "arising from or connected with" that contract, and Rajinder's claims do not have a "significant relationship to the contract" nor have "their origin or genesis in the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). The claims asserted do not require an interpretation of the contract's terms, do not arise from a failure to perform under the contract, and do not relate to conduct that could not have occurred but for the contract. For several of the claims, the only connection to the contract is that Rajinder's personal funds are traceable to a corporate restructuring of which the contract was a part. The allegations disclose that the contract's existence was a mere background fact against which the conduct at issue here occurred; the relationship of the conduct to the contract is incidental rather than direct, and accordingly no "significant relationship" exists.[2] *Id.*

The district court did not err in granting summary judgment for Rakesh on Rajinder and Veena's claim under 18 U.S.C. § 1962(c). Even if Rajinder and Veena proved each of the ten predicate acts they allege occurred between April

---

[2] Because no claim asserted is arbitrable under the contract, we need not reach or decide whether Veena is equitably estopped from avoiding the arbitration provision.

2011 and August 2012, Rakesh would be "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At most, the evidence in the summary judgment record shows that Rakesh and Copa de Ora Realty, LLC (CDO) executed a single scheme with all predicate acts occurring in a short time frame. The scheme had "the singular purpose" of fraudulently inducing Rajinder to transfer funds to CDO, *cf. Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992), and the scheme had no victims other than Rajinder and Veena, *cf. Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363–64 (9th Cir. 1987). Because Rakesh's "collective conduct is in a sense a single episode," *Sever*, 978 F.2d at 1535, the fraud alleged is not the type of "long-term criminal conduct" with which "Congress was concerned in RICO," *H.J. Inc. v. Nw. Bell. Tel. Co.*, 492 U.S. 229, 242 (1989). For these reasons, even when viewed in the light most favorable to Rajinder and Veena, the evidence is insufficient as a matter of law to establish a pattern of racketeering activity. *See Sever*, 978 F.2d at 1535–36; *Medallion Television Enters.*, 833 F.2d at 1363–65.

Because the § 1962(c) claim was the only remaining basis for original federal jurisdiction, the district court did not abuse its broad discretion by dismissing Rajinder and Veena's state law claims after entering summary judgment for Rakesh on the § 1962(c) claim. 28 U.S.C. § 1367(c)(3); *Schultz v. Sundberg*,

4

759 F.2d 714, 718 (9th Cir. 1985).  The district court properly considered factors of judicial economy, convenience, and comity and did not err by concluding that "the balance of factors . . . point[ed] toward declining to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In light of these holdings, we dismiss as moot the appeal relating to CDO's waiver of its right to compel arbitration.  Finally, because the district court's denial of Rakesh's motion to stay litigation pending his appeal of the motion to compel arbitration is not an appealable order, *Fed. Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859, 862 (9th Cir. 1991), this appeal is dismissed.

All pending motions are DENIED.

**AFFIRMED IN PART, DISMISSED IN PART**