**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10202 |
| Plaintiff-Appellee, | D.C. No.<br>2:14-cr-00151-JAM-1 |
| v. | |
| RICHARD C. SIHNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 16, 2017[**]
San Francisco, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,[***] District Judge.

Richard Sihner appeals his conviction for making material false statements

to federal agents, an order imposing restitution in the amount of $78,000, and a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

sentencing enhancement for obstruction of justice.

The special verdict form did not constructively amend the indictment because it did not alter the terms of the indictment. *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014).

Trial counsel's performance was not deficient for failing to object to the special verdict form because the special verdict form did not constructively amend the indictment, and it correctly reflected that either false statement was sufficient to convict Sihner. *See United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976). Counsel is not deficient for failing to raise a meritless objection. *See Rupe v. Wood*, 93 F.2d 1434, 1445 (9th Cir. 1996).

Even if there was insufficient evidence to find Sihner made one false statement, the error was harmless because the jury found Sihner made both false statements. *United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017).

The restitution order may be summarily affirmed because Sihner provided an insufficient record to review the issue. *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002). Moreover, the district court did not clearly err in calculating the amount of payments made to Sihner. *See United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) ("We review . . . the factual findings underpinning [restitution] orders for clear error."). The court may rely on hearsay evidence at

16-10202

sentencing, and Sihner has failed to demonstrate that such reliance was improper here. *See United States v. Petty*, 982 F.2d 1365, 1370 (9th Cir. 1993) (hearsay may be considered at sentencing as long as it bears some minimal indicia of reliability).

Based on the above conclusions, Sihner's argument that the district court erred when it imposed a sentencing enhancement for obstruction of justice is without merit.

**AFFIRMED.**

16-10202