[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13328

_____

D.C. Docket No. 2:13-cv-00350-PGB-TFM

CADLEROCK III, LLC,

Plaintiff - Counter
Defendant - Appellant
Cross - Appellee,

versus

HARRY BROWN & CO., LLC,
STEWARDSHIP INVESTMENTS, LLC,

Defendants - Counter
Claimants - Appellees,

HARRY I. BROWN, JR.,
individually, and as personal representative of the
Estate of Harry Brown Sr., JOHN M. BROWN,
as personal representative of the
ESTATE OF HARRY I. BROWN, SR.,

Defendants - Counter
Claimants - Appellees
Cross - Appellants,

ESTATE OF HARRY BROWN, SR.,

Defendant.

—————————————

Appeals from the United States District Court
for the Middle District of Alabama
—————————————

(October 16, 2018)

Before WILLIAM PRYOR, MARTIN, Circuit Judges, and VRATIL,[*] District
Judge.

MARTIN, Circuit Judge:

This case arises from a dispute between now-defunct Frontier Bank and two

of its former directors, Harry Brown Jr. and Harry Brown Sr.  Mr. Brown Sr. is

now deceased.  Frontier Bank sued Brown Jr. and two companies for breach of

three notes and a guaranty by Brown Jr.  While the case was pending in Alabama

state court, Frontier Bank went into FDIC receivership, and the FDIC was

substituted as the plaintiff in its capacity as a receiver for the Bank.  The FDIC

then removed the case to federal court.  There, the FDIC amended the complaint

originally filed by Frontier Bank to assert claims for breach of a limited guaranty

against Brown Sr.'s Estate as well as claims for fraud and breach of fiduciary duty

against the defendants.

---

[*] Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas,
sitting by designation.

2

This case was tried to a jury in August 2016.  After the close of the FDIC's evidence, the District Court entered partial judgment as a matter of law in favor of the FDIC.  By that order, the FDIC secured a judgment of over $1,000,000 on three loans against Brown Jr. and two of his companies.  But the Court also ruled the Bank had released Brown Sr. from his limited guaranty.  The Court therefore entered judgment in favor of Brown Sr.'s Estate on the FDIC's claims against it and taxed the Estate's costs of around $14,000 against the FDIC.

The FDIC appealed the entry of judgment.  Brown Jr. and the Estate filed a cross appeal arguing that the Court erred by granting summary judgment on their affirmative defense that any damages the FDIC sustained should be offset.  While the appeals were pending, the FDIC filed a letter stating, per federal regulations, the receivership entity no longer exists and suggesting this Court substitute CadleRock III, LLC, who now holds the notes at issue, as the plaintiff.

There are two issues before us.  First, we must decide whether CadleRock III, LLC or another entity should be substituted as the plaintiff, and second we address the merits of the appeal and cross-appeal.

I.

We begin with the substitution issue.  On December 9, 2015, the FDIC sold the two notes at issue in this case to Cadle Company II, Inc., which then assigned them to CadleRock III, LLC.  Before trial, the District Court ruled that the FDIC

3

could continue as plaintiff as permitted by Federal Rule of Civil Procedure 25(c).

Then, while this case was on appeal, CadleRock sought to substitute itself as the

plaintiff in this action.  This Court denied CadleRock's motion in January 2018.

In July, the FDIC filed a letter advising this Court that it had not authorized

this appeal and that the receivership entity created to serve as the receiver for

Frontier Bank had "ceased to exist as a legal entity."  The FDIC suggested that this

Court reconsider CadleRock's motion to substitute.

In light of the undisputed fact of the receiver's nonexistence, we **GRANT**

CadleRock's motion to substitute.  CadleRock III, LLC shall be substituted as the

plaintiff in this action in place of the Federal Deposit Insurance Corporation, as

receiver for Frontier Bank.  We thus refer to CadleRock as the plaintiff.

## II.

In its opening brief, plaintiff raises seventeen issues on appeal, plus more

subissues.  Yet in our review of the argument section of plaintiff's brief, we can

discern no arguments for reversal or even requests for relief from this court.  The

plaintiff's brief is copied, cut, and pasted from several briefs it filed in the district

court, including a brief in support of a renewed motion for judgment as a matter of

law and new trial as well as a brief in opposition to a motion in limine.  For

example, the plaintiff's initial appellate brief's argument section begins:

> The issues that require <u>the Court to alter, amend or vacate its judgment</u> in favor of the Brown Estate, declaring the Release to be valid under Count I of the Brown Estate's Counterclaim and on the affirmative defense of release to the FDIC's contract claim on the Brown, Sr. guaranty and dismissing the FDIC's contract claim are listed below, along with the issues that require <u>the Court to alter, amend or vacate its denial of the FDIC-R's motion for judgment as a matter of law</u> and the issues which require <u>the Court, in the alternative, to grant Plaintiff's Motion for New Trial</u>[.]

Because the arguments are copied from the plaintiff's district court briefs, it is not surprising that the relief it seeks is relief that could be granted by a district court as opposed to here on appeal. These statements in the plaintiff's brief tell us nothing about how the district court erred in its rulings for the simple reason that the briefing predates those rulings.

And the brief's defects are not limited to the way it frames the relief it seeks. The brief repeatedly fails to cite authority or the record, in violation of Federal Rule of Appellate Procedure 28(a)(8)(A). And the brief also references evidence never admitted at trial, which is therefore not part of the record before this Court.

All told, the brief, which we note was filed by a counseled party, is woefully deficient and in clear violation of Federal Rule of Appellate Procedure 28(a). "An enormous amount of time is wasted when attorneys fail to provide proper briefs and excerpts of record that should have supplied the court with the materials relevant to the appeal." <u>In re O'Brien</u>, 312 F.3d 1135, 1137 (9th Cir. 2002). Plaintiff "essentially tossed this . . . case in our laps, leaving it to us to figure out

the relevant facts and law." Id.  Instead of attempting that review, we **DISMISS** plaintiff's appeal for failure to comply with Rule 28(a).  See id.

As for the cross appeal, defendants only sought reversal of judgment on their affirmative defense in the event that this Court reversed on the plaintiff's appeal. Because we've dismissed plaintiff's appeal, we **DISMISS** the cross appeal as well. These appeals having been dismissed, the FDIC's outstanding motion to supplement and the Appellee's motion to strike are dismissed as well.

### III.

We will also consider whether to impose sanctions against the plaintiff and its counsel, Deanna Weidner, David Anderson, and the firm Anderson Weidner, LLC. Sanctions may be warranted under 28 U.S.C. § 1927 for unreasonably multiplying these proceedings. See Plattenburg v. Allstate Ins. Co., 918 F.2d 562, 564 (5th Cir. 1990); Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir. 1985). Sanctions may also be warranted under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal. But before imposing sanctions, we must provide the plaintiff and its counsel an opportunity to respond. We **ORDER** the plaintiff and its counsel to show cause why this Court should not impose sanctions within 14 days after this order is filed. Defendants may file a reply within 14 days after service of the plaintiff's response.